NEGRONI, DEMANDANTE Y APELANTE, *v.* COLLAZO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre divorcio.

No. 1701.—Resuelto en enero 28, 1918.

DIVORCIO—ABANDONO—MERA SEPARACIÓN.—La voluntad firme y decidida de uno de los cónyuges de no vivir con el otro cumpliendo los deberes que le imponen la ley natural y la civil, sostenida esa voluntad por más de un año es lo que constituye el abandono que como causa de divorcio señala el artículo 164 del Código Civil Revisado. La mera separación con consentimiento y hasta con agrado del otro cónyuge no puede constituir abandono. Es requisito indispensable para el abandono la nolición del otro cónyuge.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de J. Esteves.*

Abogado del apelado: *Sr. Juan B. Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación contra sentencia que en 7 de abril de 1917 pronunció la Corte de Distrito de Aguadilla declarando sin lugar la demanda de divorcio interpuesta por Rafael Negroni Sánchez contra su legítima esposa Juana Collazo y Martí.

Fúndase la demanda en haber abandonado la esposa al

esposo por más de un año y en injurias por la primera al segundo.

El juez estima probado que en el mes de enero de 1914 los dichos esposos vivían en el barrio Islote de Arecibo, donde el demandante estaba empleado como mayordomo en un departamento de la Plazuela Sugar Co., llamado "El Caño de Tiburones"; que debido a disgustos anteriores la demandada salió del hogar conyugal que tenían los dichos esposos establecido en una casa de dicha Plazuela Sugar Company en el lugar de referencia, el día 13 de enero de 1914, y llevó consigo la mayor parte de los muebles a otra casa de la dicha compañía habitada por Guillermo Gracia, el primer mayordomo del antedicho departamento, en donde vivió algunos meses; que Guillermo Gracia intermedió infructuosamente a pedimento del demandante para conseguir la reconciliación entre los dichos esposos, pero el demandante, personalmente, no hizo gestión alguna a este fin; que la demandada luego se colocó de maestra de escuela en Barceloneta para subvenir a sus necesidades y después se fué a vivir a Aguada con su familia en donde ha estado de maestra de escuela hasta la fecha; que repetidas veces ha tratado de reconciliarse con su marido sin lograr conseguirlo, y que en la actualidad está dispuesta a vivir con él como esposa.

La parte apelante alega en síntesis, como motivo del recurso, error en la apreciación de las pruebas.

Hemos examinado toda la evidencia aportada al juicio y la de la demandada tiende a probar que al abandonar la casa donde vivía con su esposo lo hizo instigada y amenazada por éste, y que aún después viviendo ella en Barceloneta donde ejercía el cargo de profesora, en una ocasión en que se encontraron ambos consortes en el "Caño de Tiburones," el esposo dijo a la esposa en voz alta y áspera que era una descarada, que no la quería volver a ver más.

La voluntad firme y decidida de uno de los cónyuges de no vivir con el otro cumpliendo los deberes que le imponen la ley natural y la civil, sostenida esa voluntad por más de

un año es lo que constituye el abandono que como causa de divorcio señala el artículo 164 del Código Civil Revisado. La mera separación con consentimiento y hasta con agrado del otro cónyuge no puede constituir abandono. Es requisito indispensable para el abandono la nolición del otro cónyuge. *Jirot* v. *Crispín,* 23 D. P. R. 822.

No aparece que el abandono del demandante por la demandada obedeciera a la voluntad firme y decidida por parte de ésta de no vivir con aquél, pues fué debido a instigaciones y amenazas para que abandonara el hogar. En tales circunstancias fué más bien el esposo quien abandonó a la esposa.

Ciertamente que después de haberse separado la esposa del esposo éste intentó que volviera donde él, pero ese intento no fué sostenido, pues habiéndose encontrado posteriormente con ella la dijo que no quería volver a verla.

Como el juez estimó que los hechos están en contra del demandante y a favor de la demandada, cualquier conflicto en las pruebas debe estimarse decidido en sentido favorable a la sentencia.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.